## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Chapter: 13 |
| CHADWIDK J. BUYNAK | : | |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | Case No: 5:24-bk-00805 |
| Movant | : | |
| | : | |
| CHADWICK J. BUYNAK | : | |
| Respondent | : | |
| | : | |

## BRIEF IN OPPOSITION TO TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS

**NOW COMES** Respondent/Debtor, Chadwick J. Buynak, by and through Attorney

Tullio DeLuca, Esquire and files this Brief in Opposition to Trustee's Objection to Debtor's

Exemption.

### I.  FACTS AND PROCEDURAL HISTORY

On September 22, 2020, Debtor and his former paramour, Lindsey Catoggio, granted a

mortgage secured by a note in favor of Stearns Lending, LLC, for the sum of $85,000.00 for the

purchase of real property located at 887 Cottrell Road, Thompson, Pennsylvania 18465. The

Deed to said property is dated September 16, 2020, and recorded on September 23, 2020, in the

Susquehanna County Recorder of Deeds Office, Commonwealth of Pennsylvania, to Instrument

#202006685.

On April 4, 2024, Debtor commenced the instant bankruptcy proceeding under Chapter 13 of

the United States Bankruptcy Code. At the time of the filing of the above-captioned bankruptcy

matter, Debtor was not physically living at the 887 Cottrell Road property due to Ms. Catoggio's

filing of a Protection from Abuse (PFA) Petition against Debtor.

The PFA action is before the Susquehanna Court of Common Pleas and docketed to 2023-141-CP. An Order dated February 14, 2023, entered by the Honorable President Judge Jason J. Legg, granted Ms. Catoggio's request to evict and exclude Debtor from the 887 Cottrell Road residence. A copy of the Order is attached hereto as Exhibit "A". As such, Debtor vacated the 887 Cottrell Road residence and has since rented a property at 89 Tompkins Street, Apt. 1, Pittston, Pennsylvania 18640. Debtor and Ms. Catoggio have a child together who resides with Ms. Catoggio at the 887 Cottrell Road residence.

Debtor elected to claim the federal exemptions related to his Bankruptcy Petition pursuant to 11 U.S.C. § 522(b)(2). As part of those exemptions, Debtor claimed a $26,785.00 exemption related to his interest in the 887 Cottrell Road residence. Following the filing of his Bankruptcy Petition and the required schedules, the Trustee filed an Objection to Debtor's Exemptions. The Trustee objected to Debtor's claimed exemption for his interest in the 887 Cottrell Road residence contained in Schedule C under Section (d)(1).

## II.   ARGUMENT

Debtors put forth a valid claim for an exemption related to his interest in the 887 Cottrell Road property pursuant to 11 U.S.C. § 522(d)(1). Section 522(d)(1) provides that a debtor may exempt the "aggregate interest, not to exceed $27,900…in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence[.]" 11 U.S.C. § 522(d)(1). Although Debtor did not reside at the 887 Cottrell Road residence at the time of the filing of his Bankruptcy Petition, Debtor did not vacate said residence of his own volition. Debtor was compelled to vacate the 887 Cottrell Road property due the above-mentioned PFA Order directing him to do so.

Generally, in order to claim an exemption pursuant to 11 U.S.C. § 522(d)(1), a debtor must

2

occupy said property "either actually or constructively." In re Buick, 237 B.R. 607, 610 (Bankr.W.D.Pa. 1999) (*citations omitted*). Additionally, Bankruptcy Courts located in the Commonwealth of Pennsylvania recognize the terms homestead and residence to be synonymous in the context of § 522(d)(1). See id.

In the case of In re Buick, the debtor purchased a property in 1992 that he owned as a tentant by the entirety with his wife. The debtor in In re Buick and his wife separated in June of 1997, however he still maintained ownership of the property as a tenant by the entirety.

On April 19, 1999, the Court of Common Pleas of Allegheny County (Family Division) entered an Order directing the debtor to vacate the marital residence within three (3) days of the date of the Order. As such, on April 22, 1999, debtor along with his children, of whom he maintained joint custody, vacated the property. The debtor stayed at a hotel until May 7, 1999, when he entered into a lease agreement to rent a residence large enough to house him and the children.

On May 13, 1999, the debtor, in In re Buick, then filed a Petition seeking Chapter 7 bankruptcy protection. The marital home of debtor and his wife was sold on June 17, 1999, and debtor's portion of the proceeds totaled roughly $15,500.00, wherein the debtor exempted $13,080.00. The bankruptcy trustee, in In re Buick, objected to the exemption arguing that the debtor vacated his residence on April 22, 1999, and filed his bankruptcy petition on May 13, 1999, so he did not reside at the residence for which he was seeking the exemption, thus he was not entitled to the exemption.

The Bankruptcy Court, in In re Buick, upheld the debtor's exemption and overruled the trustee's objection. In doing so, the Bankruptcy Court held that although debtor did not reside at the residence in question, he maintained as his homestead and physically occupied the property

3

from 1992 until April 22, 1999. In re Buick, 237 B.R. at 611. The Bankruptcy Court further held that

> the debtor did not abandon said homestead on April 22, 1999,
> when he physically vacated said realty because his absence
> therefrom subsequent to said date was involuntary and compelled
> by the Pennsylvania Common Pleas Court order of the same date
> mandating his removal from said realty,[] (d) the debtor did not
> otherwise voluntarily alienate or transfer the property prior to May
> 13, 1999, and (e) the debtor thus continued to occupy the
> Timbercreek property constructively on May 13, 1999, when he
> filed his bankruptcy petition.

Id.

The circumstances in the instant matter are similar to those in In re Buick. Debtor did not voluntarily vacate the 887 Cottrell Road residence. Rather, like the debtor in In re Buick, the Debtor's absence here was involuntary and compelled by the Pennsylvania Court of Common Pleas. Further, Debtor did not alienate or transfer the 887 Cottrell property prior to April 4, 2024.

Moreover, as cited above, section 522(d)(1) provides that a debtor may exempt the "aggregate interest, not to exceed $27,900…in value, in real property or personal property that the debtor *or a dependent of the debtor uses as a residence*[.]" 11 U.S.C. § 522(d)(1) (*emphasis added*). Here, Debtor's son, who is a dependent of Debtor, resides at the 887 Cottrell Road property. Thus, because Debtor's dependent son uses the 887 Cottrell Road property as a residence, Debtor is entitled to exempt his interest in that property from his bankruptcy estate. See In re Maresca, 982 F.3d 859 (2d Cir. 2020) (up*holding* § 522(d)(1) exemption where debtor who resided in apartment and son and former husband/father resided in home jointly owned by debtor and former husband as the term "residence" covered both primary and non-primary residences and debtor's dependent son resided with father multiple days per week).

III. CONCLUSION

4

As stated above, the case of <u>In re Buick</u> is directly analogous to the case at bar. Debtor's absence from the residence was involuntary as he was compelled to vacate the 887 Cottrell Road residence via court Order. Additionally, as in <u>In re Maresca</u>, Debtor's dependent son resides at the 887 Cottrell Road property multiple days per week. Therefore, Debtor's claimed exemption pursuant to 11 U.S.C. § 522(d)(1) is valid and this Honorable Court should overrule Trustee's objection.

Respectfully submitted,

Tullio DeLuca, Esquire
Supreme Court I.D. #59887
Attorney for Debtor/Respondent
381 North 9th Avenue
Scranton, Pennsylvania 18504
570-347-7764

5

| TEMPORARY PROTECTION FROM ABUSE ORDER<br>☐ Amended Order  ☐ Continued Order | IN THE COURT OF COMMON PLEAS OF Susquehanna COUNTY, PENNSYLVANIA<br>NO. 2023-141-CP |
|---|---|

**PLAINTIFF**

| Lindsey | A. | Catoggio | | |
|---|---|---|---|---|
| First | Middle | Last | Suffix | Plaintiff DOB |

Name(s) of All protected persons, including minor child/ren and DOB.

Lindsey A. Catoggio

## V.

**DEFENDANT**

| Chadwick | J. | Buynak | |
|---|---|---|---|
| First | Middle | Last | Suffix |

Defendant's Address:

887 Cottrell Road

Thompson Pennsylvania 18465

| DEFENDANT IDENTIFIERS | | | |
|---|---|---|---|
| DOB | 6/8/1980 | HEIGHT | 5 ft. 11 in. |
| SEX | Male | WEIGHT | 150 |
| RACE | White | EYES | Hazel |
| HAIR | Blond or Strawberry | | |
| SSN | | | |
| DRIVERS LICENSE # | | | |
| EXP DATE | | STATE | |

**CAUTION:**

☐ Weapon Involved

☐ Weapon Present on the Property

☐ Weapon Ordered Relinquished

**The Court Hereby Finds:** That it has jurisdiction over the parties and subject matter, and Defendant will be provided with reasonable notice and opportunity to be heard.

**The Court Hereby Orders:**

[X] Defendant shall not abuse, harass, stalk, threaten, or attempt or threaten to use physical force against any of the above persons in any place where they might be found.

[X] ~~Except for such contact with the minor child/ren as may be permitted under Paragraph 5 of this order,~~ Defendant shall not contact Plaintiff, or any other person protected under this order, by telephone or by any other means, including through third persons.

[X] Additional findings of this order are set forth below.

**Order Effective Date** February 14, 2023 **Order Expiration Date** UNTIL OTHERWISE MODIFIED OR TERMINATED BY THIS COURT

## NOTICE TO DEFENDANT

Defendant is hereby notified that failure to obey this order may result in arrest as set forth in 23 Pa.C.S. § 6113 and that violation of the order may result in charge of indirect criminal contempt as set forth in 23 Pa.C.S. § 6114. Consent of Plaintiff to Defendant's return to the residence shall not invalidate this order, which can only be changed or modified through the filing of appropriate court papers for that purpose. 23 Pa.C.S. § 6108 (g). If Defendant is required to relinquish any firearms, other weapons, ammunition, or any firearm license, those items must be relinquished to the sheriff or the appropriate law enforcement agency within 24 hours of the service of this order. As an alternative, Defendant may relinquish any firearm, other weapon or ammunition listed herein to a third party provided Defendant and the third party first comply with all requirements to obtain a safekeeping permit. If, due to their current location, firearms, other weapons, or ammunition cannot reasonably be retrieved within the time for relinquishment, Defendant shall provide an affidavit to the sheriff or the appropriate law enforcement agency listing the firearms, other weapons, or ammunition and their current location no later than 24 hours after the service of this order. Defendant is further notified that violation of this order may subject him/her to state charges and penalties under the Pennsylvania Crimes Code under 18 Pa.C.S. § 6105 and to federal criminal charges and penalties under 18 U.S.C. § Pa.C.S. § 922(g)(8) and the Violence Against Women Act, 18 U.S.C. § § 2261-2262.

Exhibit "A"

AND NOW, on 14th Day of February, 2023 pursuant to 23 Pa.C.S. §6107(b), after conducting an ex parte proceeding and finding that the Plaintiff is in immediate and present danger of abuse, the court hereby enters the following temporary order:

**Plaintiff's request for a temporary protection order is granted.**

1. Defendant shall not abuse, harass, stalk, threaten, or attempt or threaten to use physical force against any of the above persons in any place where they might be found.

2. Defendant is evicted and excluded from the residence at:
   **887 Cottrell Rd. Thompson, PA 18465**

   or any other permanent or temporary residence where Plaintiff or any other person protected under this order may live. Plaintiff is granted exclusive possession of the residence. Defendant shall have no right or privilege to enter or be present on the premises of Plaintiff or any other person protected under this order.

3. Defendant is prohibited from having ANY CONTACT with Plaintiff, or any other person protected under this order either directly or indirectly, at any location, including but not limited to any contact at Plaintiff's or other protected party's school, business, or place of employment.

4. Defendant shall not contact Plaintiff, or any other person protected under this order, by telephone or by any other means, including through third persons.

   Pending the outcome of the final hearing in this matter, Plaintiff is awarded temporary custody of the following minor child/ren:

   The local law enforcement agency in the jurisdiction where the child/ren are located shall ensure that the child/ren are placed in the care and control of Plaintiff in accordance with the terms of this order.

5. The following additional relief is granted:

   Other Relief:
   **Remain 150 feet from protected persons**

6. A certified copy of this order shall be provided to the sheriff or police department where Plaintiff resides and any other agency specified here after:
   **GIBSON STATE POLICE**

7. The sheriff, police or other law enforcement agencies are directed to serve Defendant with a copy of the petition, any order issued, and the order for hearing. Petitioner will inform the designated authority of any addresses, other than Defendant's residence, where Defendant can be served.

8. THIS ORDER APPLIES IMMEDIATELY TO DEFENDANT AND SHALL REMAIN IN EFFECT UNTIL OTHERWISE MODIFIED OR TERMINATED BY THIS COURT AFTER NOTICE AND HEARING.

## NOTICE TO DEFENDANT

Defendant is hereby notified that failure to obey this order may result in arrest as set forth in 23 Pa.C.S. § 6113, and that violation of the order may result in charge of indirect criminal contempt as set forth in 23 Pa.C.S. § 6114. Consent of Plaintiff to Defendant's return to the residence shall not invalidate this order, which can only be changed or modified through the filing of appropriate court papers for that purpose. 23 Pa.C.S. § 6108 (g). If Defendant is required to relinquish any firearms, other weapons, ammunition, or any firearm license, those items must be relinquished to the sheriff or the appropriate law enforcement agency within 24 hours of the service of this order. As an alternative, Defendant may relinquish any firearm, other weapon, or ammunition listed herein to a third party provided Defendant and the third party first comply with all requirements to obtain a safekeeping permit. If, due to their current location, firearms, other weapons, or ammunition cannot reasonably be retrieved within the time for relinquishment, Defendant shall provide an affidavit to the sheriff or the appropriate law enforcement agency listing the firearms, other weapons, or ammunition and their current location no later than 24 hours

after the service of this order. Defendant is further notified that violation of this order may subject him/her to state charges and penalties under the Pennsylvania Crimes Code under 18 Pa.C.S. § 6105 and to federal criminal charges and penalties under 18 U.S.C. § 922(g)(8) and the Violence Against Women Act, 18 U.S.C. § § 2261-2262.

## NOTICE TO SHERIFF, POLICE AND LAW ENFORCEMENT OFFICIALS

This order shall be enforced by the police department or sheriff who has jurisdiction over Plaintiff's residence OR any location where a violation of this order occurs OR where Defendant may be located. If Defendant violates Paragraphs 1 through 4 of this order, Defendant shall be arrested on the charge of indirect criminal contempt. An arrest for violation of this order may be made without warrant, based solely on probable cause, whether or not the violation is committed in the presence of a police officer or sheriff.

Subsequent to an arrest, the law enforcement officer or sheriff shall seize all firearms, other weapons, or ammunition in Defendant's possession which were used or threatened to be used during the violation of the protection order or during prior incidents of abuse and any other firearms in Defendant's possession. Any firearm, other weapon, ammunition, or any firearm license must be delivered to the sheriff or the appropriate law enforcement agency, which sheriff or agency shall maintain possession of the firearms, other weapons, or ammunition until further order of this court, unless the weapon(s) are evidence of a crime, in which case, they shall remain with the law enforcement agency whose officer or sheriff made the arrest.

BY THE COURT:

_____
                                    Jason J. Legg, President Judge

_____
                                    February 14, 2023
                                    Date

Distribution to:
cc: Plaintiff, cc: Defendant, cc: Sheriff; PSP and Local PD.

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                  :
CHADWICK J. BUYNAK                       :          CASE NO. 5-24-00805
                        Debtor.          :

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The undersigned hereby certifies that on October 2, 2024, he caused a true and correct

copy of Debtor's Brief in Opposition to Trustee's Objection to Debtor's Exemptions to be

served Via First Class United States Mail, Postage Pre-paid in the above-referenced case, on the

following:

Jack N. Zaharopoulos, Esq. at info@pamd13trustee.com

Dated: October 2, 2024

Tullio DeLuca, Esquire