UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHADWICK J. BUYNAK<br>　　　Debtor | : CHAPTER 13<br>:<br>: |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE:<br>　　　Movant | :<br>:<br>: |
| vs. | :<br>: |
| CHADWICK J. BUYNAK<br>　　　Respondent | :<br>: CASE NO. 5-24-bk-00805-MJC |

### TRUSTEE'S AMENDED BRIEF IN SUPPORT OF TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD OBJECTION

I. STATEMENT OF FACTS

On April 4, 2024, Chadwick J. Buynak (hereinafter "Debtor") filed a Chapter 13 petition. Schedule A/B of Debtor's bankruptcy documents indicate that he is a one-half (1/2) owner of real property located at 887 Cottrell Road, Thompson, PA.

The Debtor's petition and schedules indicate that Debtor's residence at the time of the filing of the bankruptcy petition was 89 Tompkins Street, Apt. 1, Pittston, PA.

Debtor alleges that his ex-girlfriend, Lindsey Cattogio and Debtor's son resided at 887 Cottrell Road at the time of the filing of his bankruptcy.

Debtor claimed an exemption under 522(d)(1) in the 887 Cottrell Road property, and on June 20, 2024, Trustee filed an Objection because 887 Cottrell Road was not Debtor's residence on the date of the petition.

On September 19, 2024, a hearing was held wherein Debtor claimed that even though he was not residing at the residence at the time of the filing, he had a dependent child who utilized the Cottrell Road property as his residence.

## II. ARGUMENT

Section 522(d)(1) states:

> The debtor's aggregate interest, not to exceed $27,900 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

In the instant case, it is undisputed that Debtor did not reside at 887 Cottrell Road on the petition date. Nonetheless, Debtor argues that he is entitled to claim an exemption in the property under §522(d)(1) because his son resided at the property. It is noted however, that Debtor's son is not mentioned on Schedule A or on Schedule C, and Debtor did not list any dependents on Schedule J or on his 2023 Federal Income Tax Return.

To qualify for a homestead exemption, the debtor or debtor's dependent must actually use the property as a residence, with use determined at the time of

the commencement of the bankruptcy case. *See e.g.*, *In re Parker*, 610 B.R. 535, (Bankr. E.D. N.C. 2019). In this case, the Trustee requested proof that Debtor's dependent child resided at the Cottrell Road property on the petition date, and to date, Debtor has been unable or unwilling to provide the same. Since Debtor did not reside at the residence at filing, proving that a dependent occupied the property as his residence is a crucial element to allowing the exemption under §522(d)(1). Consequently, Debtor should be denied an exemption in the Cottrell Street property due to the fact that this property was not his residence, and he has not shown that a dependent resided there when the petition was filed.

In addition, Debtor alleges that he is entitled to claim an exemption under §522(d)(1) because he was compelled to vacate the property due to a Protection From Abuse Order entered on February 14, 2023. The Order is a temporary Order that was in effect until otherwise modified or terminated by the issuing Court. The bankruptcy petition was filed more than 1 year after the Order was issued, and Trustee submits that Debtor cannot rely on the Order to claim a homestead exemption if the Order was terminated or the part of the Order excluding Debtor from the property was modified in the interim.

III. CONCLUSION

For all the reasons stated above, Trustee prays that this Honorable Court sustain Trustee's Objection to Debtor's homestead exemption in 887 Cottrell Road, Thompson, PA.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Agatha R. McHale
Attorney for Trustee

# CERTIFICATE OF SERVICE

AND NOW, this 16th day of October, 2024, I hereby certify that I have served the within Brief by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Tullio DeLuca, Esquire
381 N. 9th Avenue
Scranton, PA 18504

Office of the U.S. Trustee
1501 North 6th Street
P.O. Box 302
Harrisburg, PA 17102

/s/Deborah A. DePalma
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee